UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FOSNEL FIDILUS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-662-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Fosnel Fidilus, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 2.

Mr. Fidilus is a citizen of Haiti who entered the United States without admission or inspection in 2021. ECF 8-1 at 2. Customs and Border Patrol (CBP) arrested him and served him with a Notice to Appear. *Id.* In December 2021, Mr. Fidilus had a custody redetermination hearing before an immigration judge, and the immigration judge denied bond after finding him to be a flight risk. ECF 8-2 at 2. He was later released on his own recognizance, and he alleges he was granted temporary protected status (TPS) in November 2023. ECF 2-1 at 5.

On December 26, 2025, Mr. Fidilus was arrested for domestic battery in Hendricks County, Indiana. ECF 8-1 at 8. He claims the charges were later dropped. A week after his arrest, he was transferred to the custody of United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant. *Id.* at 5-7. He moved for custody

redetermination, which was denied by an immigration judge on January 9, 2026. ECF 8-3. The immigration judge construed the motion for custody redetermination as a motion to reconsider the December 2021 bond denial and found that he failed to show any changed circumstances warranting bond. *Id.* On February 25, 2026, an immigration judge ordered Mr. Fidilus removed to Haiti. ECF 2-1 at 3. He appealed the removal order to the Board of Immigration Appeals, and his appeal remains pending. ECF 8 at 3. On July 8, 2026, USCIS issued a decision formally withdrawing Mr. Fidilus' TPS and denying his re-registration application. ECF 8-1 at 9-11.

Mr. Fidilus then filed this habeas petition, arguing that his detention is unlawful because he remains detained despite his TPS, his prior successful compliance with supervision, and the dismissal of his criminal charges. He asks for his immediate release or a bond hearing.

In his response, the warden concedes Mr. Fidilus is detained under § 1226(a)—the "default rule" for detention of noncitizens who are present in the United States, *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)—but argues he already received all the process he is due. ECF 8 at 10-11. Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

Here, the record reflects that Mr. Fidilus was arrested pursuant to a warrant, consistent with § 1226(a). ECF 8-1 at 5. He previously received an individualized bond hearing in December 2021, when an immigration judge considered his circumstances and denied bond after finding him to be a flight risk. ECF 8-2. After his re-detention, he again sought custody redetermination. Because an immigration judge had previously ruled on his custody, the regulations permitted a subsequent redetermination only upon a showing that his circumstances had materially changed since the prior bond determination. 8 C.F.R. § 1003.19(e). The immigration judge considered his request under that standard and concluded that he had not made the required showing. ECF 8-3. Thus, the procedures prescribed for detention under § 1226(a) were available to and followed for Mr. Fidilus.

In his habeas petition, Mr. Fidilus argues that his detention is unlawful because he was granted TPS by USCIS. However, the warden provides evidence that Mr. Fidilus' TPS was formally withdrawn by USCIS in July 2026, and Mr. Fidilus does not respond to or dispute that argument in his reply. Instead, he argues in his reply that his detention is unlawful because it has become unconstitutionally prolonged. ECF 9 at 5-6. The court need not consider this issue, as Mr. Fidilus did not raise this argument in his habeas petition but presents it for the first time in his reply. *See O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) (district courts are "entitled to treat an argument raised for the first time in a reply brief as waived"); *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006) (a habeas petition must "specify all the grounds for relief available to" the petitioner); *see also Hawkins v. Vanihel*, No. 23-3352, 2024 WL 3251289, at *3 (7th Cir. July 1, 2024) (applying those principles to an argument first raised in a habeas reply). Regardless, the record does not

support that Mr. Fidilus' detainment has become unconstitutionally prolonged; he has only been detained for approximately nine months, and the record shows his immigration proceedings have been proceeding at a regular pace. *See Santos v. Lowe*, No. 1:18-CV-1553, 2019 WL 1468313 (M.D. Pa. Apr. 3, 2019) (15 months in detention does not violate due process where the case has proceeded at a reasonable pace with no evidence the government has willfully delayed the case); *Fernandez v. Lowe*, No. 3:17-CV-2301, 2018 WL 3584697, at *5 (M.D. Pa. July 26, 2018) (detention for 15 months not unconstitutional given regular progression of proceedings). Mr. Fidilus lastly argues that the immigration judge improperly weighed the relevant factors in denying bond (ECF 9 at 6-7), but the court lacks jurisdiction to reconsider that discretionary determination. *See* 8 U.S.C. § 1226(e); *Al-Siddiqi v. Achim*, 531 F.3d 490, 494 (7th Cir. 2008) (distinguishing unreviewable discretionary bond judgments from reviewable statutory and constitutional claims); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008) (holding that § 1226(e) precludes a court from "second-guess[ing] the IJ's discretionary assessment" underlying the bond determination).

In sum, Mr. Fidilus is detained under § 1226(a), he received the custody-review procedures provided by the governing regulations, he has not shown that his continued detention violates the Constitution or federal law, and his disagreement with the immigration judge's weighing of the bond factors does not provide a basis for habeas

relief. For these reasons, the court **DENIES** the petition (ECF 2) and **DIRECTS** the clerk to close this case.

SO ORDERED on September 18, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT